1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENCARNACION SALAS, IV,

               Petitioner,

    v.

WASHINGTON STATE ATTORNEY
GENERAL,

               Respondent.

CASE NO. 2:25-cv-00207-JLR-GJL

REPORT AND RECOMMENDATION

Noting Date: March 24, 2025

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. On January 28, 2025, Petitioner Encarnacion Salas, IV, proceeding *pro se*, filed a federal habeas Petition pursuant to 28 U.S.C. § 2254, challenging his 2019 Snohomish County conviction for murder in the second degree with a deadly weapon. Dkt. 1; Dkt. 4. Petitioner has paid the filing fee. *See* Dkt.

Upon review, it is clear that Petitioner is not entitled to habeas relief in this Court as his Petition is an unauthorized second or successive petition. Accordingly, the undersigned **DECLINES** to order service upon Respondent pursuant to Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), and recommends the Petition (Dkt. 4) be **DISMISSED without prejudice** for lack of jurisdiction.

# I.     BACKGROUND

In 2019, Petitioner was sentenced to 244 months of incarceration after a jury convicted him of murder in the second degree with a deadly weapon in the Snohomish County Superior Court. Dkt. 4 (citing Snohomish County Case No. 14-1-02282-9). In December 2022, Petitioner filed a habeas Petition ("First Petition") in this Court seeking relief from the 2019 state conviction. *See Salas v. Attorney General*, No. 2:22-cv-01864-BHS-TLF (W.D. Wash. filed Dec. 30, 2022), Dkt. 1. In the First Petition, Petitioner raised a single ground of relief based upon double jeopardy. *Id.*, Dkt. 6. The Court found that Petitioner had failed to exhaust his state court remedies with respect to that claim, denied the First Petition, and dismissed the case without prejudice. *Id.*, Dkt. 10.

On July 7, 2023, Petitioner filed another habeas Petition ("Second Petition") in this Court seeking relief from the 2019 state conviction. *See Salas v. Attorney General*, No. 2:23-cv-01022-JNW-TLF (W.D. Wash. filed July 7, 2023), Dkts. 1, 5. Subsequently, Petitioner amended this Petition and raised another claim. *Id.*, Dkt. 9. On August 16, 2023, the Court provided Petitioner with an opportunity to file a second amended Petition to bring all potential claims in that case. *Id.*, Dkt. 12. Petitioner amended his Petition again on August 30, 2023. *Id.*, Dkt. 15.

Prior to amending his Second Petition in Case Number 2:23-cv-01022-JNW-TLF, Petitioner initiated another habeas action ("Third Petition") on July 27, 2023, challenging the same 2019 state conviction. *See Salas v. Attorney General*, No. 2:23-cv-01118-TL-TLF (W.D. Wash. filed July 27, 2023), Dkts. 1, 4. On September 8, 2023, the Court dismissed without prejudice this Third Petition as duplicative of the Second Petition. *Id.*, Dkts. 7, 8.

On April 17, 2024, the Court dismissed with prejudice Petitioner's Second Petition as time-barred under the applicable statute of limitations and for lack of personal jurisdiction. *Salas*,

1    2:23-cv-01022-JNW-TLF, Dkts. 25, 26. The Court also found Petitioner failed to show he is

2    entitled to equitable tolling of the statute of limitations. *Id*., Dkt. 22 at 5; Dkt. 25 at 2.

3    Petitioner now files this Petition ("Fourth Petition") raising again a single ground based

4    upon double jeopardy. Dkt. 4.

## II.    LEGAL STANDARD

6    Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review

7    of a habeas petition. The Rule directs the Court to dismiss a habeas petition before the

8    respondent is ordered to file a response, if it "plainly appears from the petition and any attached

9    exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4

10   "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive

11   grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous

12   or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431

13   U.S. 63, 75–76 (1977)).

14   A petition must also comply with the other Habeas Rules. Under Rule 2(a) of the Habeas

15   Rules, "the petition must name as respondent the state officer who has custody." Further, the

16   petition must:

17
18       (1) specify all the grounds for relief available to the petitioner; (2) state the facts
         supporting each ground; (3) state the relief requested; (4) be printed, typewritten,
         or legibly handwritten; and (5) be signed under penalty of perjury by the
19       petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

20   *Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district

     court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

21   Finally, Rule 9 of the Habeas Rules provides:

22
23       Before presenting a second or successive petition, the petitioner must obtain an
         order from the appropriate court of appeals authorizing the district court to
         consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).
24

REPORT AND RECOMMENDATION - 3

1    Failure to do so deprives the district court of jurisdiction over a successive petition. *See*

2    *Magwood v. Paterson*, 561 U.S. 320, 331 (2010).

3                                    **III.    DISCUSSION**

4           The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a

5    gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one

6    of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies

7    only to petitions adjudicated and denied on the merits in the previous federal habeas corpus

8    proceeding." *Turner v. Terhune*, 78 Fed. App'x 29, 30 (9th Cir. 2003) (citing *Steward v.*

9    *Martinez-Villareal*, 523 U.S. 637, 645 (1998)).

10          "A disposition is 'on the merits' if the district court either considers and rejects the claims

11   or determines that the underlying claim will not be considered by a federal court." *McNabb v.*

12   *Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th

13   Cir. 1990)). More specifically, the Ninth Circuit has held that "dismissal of a section 2254

14   habeas petition for failure to comply with the statute of limitations renders subsequent petitions

15   second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)." *McNabb*, 576 F.3d at

16   1030.

17          Even where a prior petition has been dismissed with prejudice, "[a new] habeas petition

18   is second or successive only if it raises claims that were or could have been adjudicated on the

19   merits" in the prior petition. *Id.* at 1029; *see also* 28 U.S.C. § 2244 (claims are successive and

20   barred unless the petitioner shows the claim "relies on a new rule of constitutional law" or "the

21   factual predicate for the claim could not have been discovered previously through the exercise of

22   due diligence.").

23

24

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Habeas Rules; Ninth Circuit Rule 22-3; *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). In the absence of such an order authorizing review, a district court lacks jurisdiction to consider a second or successive petition. *See Magwood*, 561 U.S. at 331; *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Stated another way, this Court is unable to review habeas claims that could have been brought in a prior petition, unless the petitioner first obtains permission from the Ninth Circuit to file a successive petition.

Accordingly, in determining whether it has jurisdiction over a potentially successive petition, the Court must assess: (1) whether the prior petition was adjudicated on the merits, (2) whether the habeas claims raised in the new petition were or could have been raised in the prior petition and (3) whether the petitioner obtained permission to file the new petition. *Id.* If the first and second questions are answered in the affirmative, the answer to the final question must also be "yes." Otherwise, the Court lacks jurisdiction, and the successive petition must be dismissed.

Here, the answer to the first question is "yes"—Petitioner's Second Petition was dismissed with prejudice as time-barred. *McNabb*, 576 F.3d at 1029. So, the Court proceeds to the second question: could the habeas claim brought in this Fourth Petition have also been raised in the Second Petition? The answer to that question is also "yes." The sole claim for habeas relief raised in the Fourth Petition alleges that Petitioner was prosecuted in violation of the Double Jeopardy Clause of the Fifth Amendment. Dkt. 4 at 5. The principle that bars the prosecution of a single person for the same conduct under equivalent criminal laws, known as double jeopardy, is a long-standing principle of federal constitutional law recognized in a myriad of United States Supreme Court decisions. *See, e.g., United States v. Perez*, 22 U.S. 579 (1824); *Blockburger v.*

1   *United States*, 284 U.S. 299 (1932); *United States v. Dixon*, 509 U.S. 688 (1993). Because the

2   factual and legal predicate of Petitioner's claim existed long before he filed his First Petition in

3   2022, the Court finds this claim could have been raised previously.[1]

4          Therefore, the Court proceeds to the final question: did Petitioner obtain permission

5   before filing the Fourth Petition? The answer is "no." There is no allegation or evidence

6   Petitioner obtained permission from the Circuit Court before filing his Fourth Petition.

7          Accordingly, Petitioner's failure to obtain leave before filing his successive Fourth

8   Petition necessitates dismissal of the instant action for lack of jurisdiction.

9                  **IV.    CERTIFICATE OF APPEALABILITY**

10         A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may only appeal the

11  dismissal of his federal habeas petition after obtaining a certificate of appealability from a district

12  or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the

13  [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

14  2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could

15  disagree with the district court's resolution of his constitutional claims or that jurists could

16  conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-*

17  *El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

18

19

20

---

21  [1] Petitioner did raise a single ground of double jeopardy in his First Petition that was dismissed without prejudice for
    failure to exhaust state court remedies. *See Salas*, No. 2:22-cv-01864-BHS, Dkt. 6. Further, in *Salas*, No. 2:23-cv-
22  01022-JNW, Petitioner was permitted to amend his Third petition to add claim(s) from *Salas*, No. 2:23-cv-01118-
    TL, to his Second Petition that was dismissed as duplicative. *See Salas*, No. 2:23-cv-01022-JNW, Dkt. 12. Petitioner
23  did amend his Third Petition to include claims of "prosecution misconduct" and "failure of due process," and
    asserted that he had previously raised the ground of double jeopardy. *See id.*, Dkt. 15 at 3, 6; *see also* Dkt. 25 (Order
24  adopting Report and Recommendation).

Reasonable jurists would not debate that the Fourth Petition is successive or that it should be dismissed for lack of jurisdiction. As a result, Petitioner is not entitled to a certificate of appealability with respect to his Fourth Petition.

## V.    CONCLUSION

For the reasons outlined above, Petitioner is not entitled to habeas relief as this Court lacks jurisdiction over his Fourth Petition. Dkt. 4. Thus, in accordance with Rule 4 of the Habeas Rules, the Court declines to serve the Fourth Petition and, instead, recommends this action be **DISMISSED without prejudice** and a certificate of appealability be **DENIED** in this case. If Petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the District Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

//

//

//

1    limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on March

2    24, 2025, as noted in the caption.

3         Dated this 10th day of March, 2025.

4

5

6         Grady J. Leupold
          United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24