UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ENCARNACION SALAS, IV, | CASE NO. C25-0207JLR |
| Petitioner, | ORDER |
| v. | |
| WASHINGTON STATE ATTORNEY GENERAL, | |
| Respondent. | |

## I.   INTRODUCTION

Before the court is the report and recommendation of United States Magistrate Judge Grady J. Leupold recommending the dismissal of *pro se* petitioner Encarnacion Salas, IV's 28 U.S.C. § 2254 habeas petition.  (R&R (Dkt. # 5); Pet. (Dkt. # 4).)  No objections were filed by the March 24, 2025 deadline.  (*See generally* Dkt.)  Having carefully reviewed Magistrate Judge Leupold's report and recommendation, the balance

ORDER - 1

of the record, and the governing law, the court ADOPTS the report and recommendation and DISMISSES Mr. Salas's petition without prejudice.

## II. BACKGROUND

Mr. Salas challenges his 2019 Snohomish County conviction for murder in the second degree with a deadly weapon. (*See generally* Pet.) Magistrate Judge Leupold recommends that the court deny Mr. Salas's § 2254 petition without prejudice and deny the issuance of a certificate of appealability on the grounds that the habeas petition is a second or successive habeas petition. (*See generally* R&R.)

This is Mr. Salas's fourth habeas petition challenging his 2019 state court conviction. In December 2022, Mr. Salas filed his first habeas petition in the United States District Court for the Western District of Washington challenging his conviction on the grounds of double jeopardy. *Salas v. Washington State Attorney General*, C22-1864BHS-TLF (W.D. Wash.), Dkt. ## 1, 3. Mr. Salas's first petition was dismissed for failure to exhaust his state court remedies. *Id.*, Dkt. ## 9, 10.

In July 2023, Mr. Salas filed a second habeas petition challenging his 2019 state conviction on the same grounds. *Salas v. Washington State Attorney General*, C23-1022JNW-TLF (W.D. Wash.), Dkt. ## 1, 5 at 3. He subsequently amended his second petition to allege claims for "prosecution misconduct" and "failure of due process." *Id.* at 3.

Before he amended his second petition, however, Mr. Salas commenced another habeas action challenging his 2019 conviction. *See Salas v. Washington State Attorney General*, C23-1118TL-TLF (W.D. Wash.), Dkt. ## 1, 4. Mr. Salas's third petition was

dismissed as duplicative of his second petition. *Id.*, Dkt. ## 7, 8. In April 2024, Mr. Salas's amended second petition was dismissed with prejudice as time-barred and for lack of personal jurisdiction. *Salas*, C23-1022JNW-TLF, Dkt. ## 25, 26.

Finally, on January 28, 2025, Mr. Salas filed the instant § 2254 petition before this court. (*See generally* Pet.) Mr. Salas's instant petition challenges his state conviction again on the grounds of double jeopardy. (*Id.* at 5.)

### III.    ANALYSIS

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Mr. Salas is proceeding *pro se*, this court must construe his petition liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus" petitions. *Tyler v. Cain*, 533 U.S. 656, 661-62 (2001). "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits" in an earlier petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). "A disposition is 'on the merits' if the district court either

1 | considers and rejects the claims or determines that the underlying claim will not be
2 | considered by a federal court." *McNabb*, 576 F.3d at 1029 (citing *Howard v. Lewis*, 905
3 | F.3d 1318, 1322 (9th Cir. 1990)). For purposes of AEDPA, the dismissal of a § 2254
4 | petition "for failure to comply with the statute of limitations renders subsequent petitions
5 | second or successive." *Id.* at 1030 (citing 28 U.S.C. § 2244(b)).

A petition that is deemed second or successive may not be filed unless the petitioner obtains an order from the appropriate United States Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). In the absence of an order authorizing review, the district court lacks jurisdiction to consider the second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Here, Mr. Salas's amended second § 2254 petition was dismissed with prejudice as time-barred. *Salas*, C23-1022JNW-TLF, Dkt. ## 25, 26. This renders the instant petition second or successive under AEDPA. *McNabb*, 576 F.3d at 1030. Furthermore, Mr. Salas's present double jeopardy claim could have been raised in his amended second petition. *See McNabb*, 576 F.3d at 1029. Accordingly, Magistrate Judge Leupold properly concluded that Mr. Salas's instant petition is a successive petition. (*See* R&R at 5, 7.)

Before filing the instant successive petition in this court, Mr. Salas was required to obtain an order from the Ninth Circuit Court of Appeals authorizing the district court to review the petition. 28 U.S.C. § 2244(b)(3); *Woods*, 525 F.3d at 888. He has not done so. (*See generally* Dkt.) The court therefore lacks jurisdiction to consider the instant

petition. *Burton*, 549 U.S. at 157. Accordingly, the court dismisses Mr. Salas's unauthorized successive § 2254 petition without prejudice. Mr. Salas may file a new habeas action that includes the same claim at issue in the instant petition if he first obtains permission from the Ninth Circuit to file a successive petition. *See* 28 U.S.C. § 2244(b)(3).

The court also agrees with Magistrate Judge Leupold's conclusion that the court should deny Mr. Salas a certificate of appealability. (*See* R&R at 6-7.) When a district court enters a final order adverse to the petitioner in a habeas proceeding, the petitioner must obtain a certificate of appealability in order to appeal the final order. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or . . . or conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.* at 327. Because reasonable jurists could not disagree that the instant petition is second or successive or that it should be dismissed for lack of jurisdiction, Mr. Salas is not entitled to a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the report and recommendation (Dkt. # 5) in its entirety;

(2) The court DISMISSES Mr. Salas's § 2254 petition (Dkt. # 4) and this action without prejudice for lack of jurisdiction;

(3) A certificate of appealability is DENIED; and

(4) The court DIRECTS the Clerk to send copies of this order to Mr. Salas, to counsel for Defendant, and to Magistrate Judge Leupold.

Dated this 28th day of March, 2025.

JAMES L. ROBART
United States District Judge

ORDER - 6